IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

EDWIN JOSE ARIOLA ESPINOZA,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center; RUSSELL HOTT, Field Office Director, ICE ERO; DAVID J. VENTURELLA, Acting Director, ICE; MARKWAYNE MULLIN, DHS Secretary; and TODD BLANCHE, Attorney General;

Respondents.

Case No. 26-3316-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

As his sole basis for relief stated in the petition, petitioner challenged his mandatory detention under 8 U.S.C. § 1225(b)(2), arguing that he should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond. In its answer, the Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute. Thus, the Government, while arguing that petitioner cannot now succeed on his claim as

stated, has conceded in effect that petitioner is entitled to a review by an immigration judge of his request for release on bond.

Petitioner argues in his traverse that the petition should not be denied because the Government did not deem him detained under Section 1226(a) until after he had filed the petition, and because the Government did not earlier heed *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), in which the Tenth Circuit rejected the Government's interpretation of Section 1225(b)(2). In that case (and in the cases in which this Court has ordered a bond hearing), however, the Government had maintained that the petitioner's detention was governed by Section 1225(b)(2), and thus the petitioner had not been able to secure a bond hearing. *See id.* In the present case, petitioner is now detained under Section 1226(a), and the Government has not denied a subsequent request for a bond hearing under that statute. Accordingly, petitioner's claim of wrongful detention under Section 1225(b)(2) fails, and the Court therefore denies the petition.[1]

[1] In a similar case, the Court rejected the petitioner's argument that a Court order was still required to ensure that the immigration court did not refuse to consider the merits based on a lack of jurisdiction. *See Salazar Coto v. Mackey*, 2026 WL 2408777 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). In that case, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because petitioner is detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See id.* at *1 n.2. That admonition applies here as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge